UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN P. FOREMAN,

       Petitioner,

v.                                   CASE NO. 5:15-CV-13764
                                   HONORABLE JOHN CORBETT O'MEARA

J. A. TERRIS,

       Respondent.

_____/

**OPINION AND ORDER DISMISSING THE
PETITION FOR A WRIT OF HABEAS CORPUS**

**I. Introduction**

Federal prisoner Benjamin Foreman ("Petitioner"), currently confined at the Federal Correctional Institution in Milan, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking relief from his federal criminal convictions and sentences. He seeks immediate discharge from federal custody.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears from the application that the applicant or person detained is not entitled thereto"); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions). If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must

summarily dismiss the petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking such review, and for the reasons stated herein, the Court concludes that the petition must be dismissed.

## II.  Facts and Procedural History

In 2006, Petitioner pleaded guilty in the United States District Court for the Western District of Michigan to:  (1) possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii); (2) possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (3) possession of firearms during, and in furtherance of, drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A)(I).  He was sentenced to two concurrent terms of 240 months imprisonment and a consecutive term of 60 months imprisonment on those convictions. *United States v. Foreman*, No. 1:06-cr-00030 (W.D. Mich. Sept. 7, 2006). Petitioner appealed his sentence, but the United States Court of Appeals for the Sixth Circuit dismissed his appeal for lack of jurisdiction because Petitioner's plea agreement included a waiver of the right to appeal. *United States v. Foreman*, No. 06-2192 (6th Cir. Sept. 7, 2007).

In 2008, Petitioner moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 with the trial court, which was denied. *Foreman v. United States*, No. 1:08-cv-01115, 2010 WL 2854274 (W.D. Mich. July 19, 2010).  The Sixth Circuit denied a certificate of appealability. *Foreman v. United States*, No. 10-2415 (6th Cir. June 3, 2011).

In 2010, Petitioner moved to withdraw his guilty plea on the firearm count.  The trial court construed the motion as a second or successive motion to vacate and transferred the matter to the

Sixth Circuit. *United States v. Foreman*, No. 1:06-cr-00030, 2010 WL 3273503 (W.D. Mich. Aug. 19, 2010). Petitioner appealed, but the Sixth Circuit dismissed his appeal for want of prosecution. *In re Foreman*, No. 10-2077 (6th Cir. Oct. 13, 2010).

Petitioner also filed a motion pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the trial court's decision denying his motion to vacate sentence, which was denied in part and transferred to the Sixth Circuit as a second or successive motion to vacate sentence. *Foreman v. United States*, No. 1:08-cv-01115, 2010 WL 4102544 (W.D. Mich. Oct. 18, 2010). The Sixth Circuit remanded the case for consideration of all of Petitioner's claims. *In re Foreman*, No. 10-2370 (6th Cir. Nov. 1, 2011). On remand, the trial court denied relief on the remaining claims. *Foreman v. United States*, No. 1:08-cv-01115 (W.D. Mich. Aug. 14, 2012). The Sixth Circuit thereafter denied a certificate of appealability. *Foreman v. United States*, No. 12-2202 (6th Cir. March 13, 2013).

Petitioner has also filed four habeas petitions in federal court, all of which have been summarily dismissed. *Foreman v. Terris,* No. 14-14925, 2015 WL 1912554 (E.D. Mich. April 27, 2015); *Foreman v. Terris*, No. 14-13336, 2014 WL 4658714 (E.D. Mich. Sept. 17, 2014); *Foreman v. Terris*, No. 13-12154, 2013 WL 3582916 (E.D. Mich. July 12, 2013); *Foreman v. Terris*, No. 13-10734, 2013 WL 1163377 (E.D. Mich. March 20, 2013). The Sixth Circuit has denied Petitioner authorization to proceed on a second or successive motion to vacate sentence under § 2255. *In re Foreman*, No. 14-1478 (6th Cir. Oct. 27, 2014).

In his current pleadings, Petitioner claims that he is in custody pursuant to a void judgment. In support of his claim, Petitioner asserts that the federal trial court improperly designated him as a "Chapter Four Career Offender" based upon a state court charge which was dismissed in 2006.

Petitioner does not allege that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective.

### III.  Discussion

Petitioner brings this action as a habeas petition under 28 U.S.C. § 2241.  His habeas claim, however, concerns the validity of his federal sentence.  A motion to vacate sentence under 28 U.S.C. § 2255 filed with the trial court is the proper avenue for relief on a federal prisoner's claims that his conviction and/or sentence were imposed in violation of the federal constitution or federal law. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998); *see also McCully v. United States*, 60 F. App'x 587, 588 (6th Cir. 2003) (citing *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)).  A federal prisoner may bring a claim challenging his conviction or the imposition of sentence under 28 U.S.C. § 2241 only if it appears that the remedy afforded under § 2255 is inadequate or ineffective to test the legality of his detention.  *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *see also Wooton v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012).  Habeas corpus is not an additional, alternative, or supplemental remedy to the motion to vacate, set aside, or correct the sentence.  *Charles*, 180 F.3d at 758.

The burden of showing that the remedy afforded under § 2255 is inadequate or ineffective rests with the petitioner, and the mere fact that a prior motion to vacate sentence may have proven unsuccessful does not generally meet that burden. *In Re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). The remedy afforded under § 2255 is not considered inadequate or ineffective simply because § 2255 relief may be or has already been denied, because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence.  *Charles*, 180 F.3d at 756.  Moreover, § 2255 allows a criminal defendant to seek relief based upon a change in the law and even to bring a second or

-4-

successive motion under limited circumstances.

The possibility that Petitioner may not be able to satisfy the procedural requirements under § 2255 does not mean that he should be allowed to proceed under § 2241. *See Peterman*, 249 F.3d at 461 ("The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief."); *United States v. Barrett*, 178 F.3d 34, 50 (1st Cir. 1999) ("A petition under § 2255 cannot become 'inadequate or ineffective,' thus permitting the use of § 2241, merely because a petitioner cannot meet the AEDPA 'second or successive' requirements. Such a result would make Congress's AEDPA amendment of § 2255 a meaningless gesture."). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Charles*, 180 F.3d at 758.

Petitioner fails to establish that his remedy under § 2255 is inadequate or ineffective. The only circumstance in which the United States Court of Appeals for the Sixth Circuit has found § 2255 to be an ineffective or inadequate remedy is when a petitioner states a facially valid claim of actual innocence. *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003); *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). To establish actual innocence, a petitioner "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *see also Martin*, 319 F.3d at 894. "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley*, 523 U.S. at 624. Petitioner makes no such showing.

Moreover, any claim that he is "actually innocent" of a sentencing enhancement is

-5-

insufficient to allow him to proceed under § 2241.  The Sixth Circuit has not extended the actual innocence exception to petitioners challenging only their sentence.  *Peterman*, 249 F.3d at 462; *see also Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) (citing *Peterman*); *Woods v. Coakley*, No. 4:13-CV-1388, 2013 WL 3818163, *4-5 (N.D. Ohio July 22, 2013); *Ross v. Zuercher*, No. 09-CV-152-ART, 2010 WL 568528, *2 (E.D. Ky. Feb. 12, 2010) (dismissing § 2241 petition raising sentencing challenge); *accord Sorrell v. Bledsoe*, No. 10-1649, 2011 WL 2728287, *2 (3d Cir. July 14, 2011) (dismissing § 2241 petition seeking sentencing relief under Supreme Court law).  This Court is bound by Sixth Circuit precedent  Accordingly, Petitioner is not allowed to proceed under § 2241 rather than § 2255 and his petition must be dismissed.

Because Petitioner fails to establish that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective, he is not entitled to habeas relief under 28 U.S.C. § 2241.  Moreover, the Court cannot *sua sponte* construe his petition as a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255 (and transfer the case to the appropriate judge).  *In re Shelton*, 295 F.3d 620, 622 (6th Cir. 2002).  Accordingly, the Court shall dismiss without prejudice the petition.

## IV.  Conclusion

For the reasons stated, the Court concludes that Petitioner is challenging the validity of his federal criminal sentence and that he fails to establish that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective or that he is actually innocent.  His claim is improperly brought under 28 U.S.C. § 2241.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.  The dismissal is without prejudice as to any relief that he may seek with the United States District Court for the Western District of Michigan or the United States Court of Appeals for the Sixth Circuit.

Lastly, the Court notes that a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed pursuant to 28 U.S.C. § 2241. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Accordingly, Petitioner need not request one from this Court or the Sixth Circuit should he seek to appeal this decision.

**IT IS SO ORDERED.**

s/John Corbett O'Meara
United States District Judge

Date: October 29, 2015

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 29, 2015, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager

-7-