UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN P. FOREMAN,

    Petitioner,

v.    CASE NO. 5:15-CV-13764
    HONORABLE JOHN CORBETT O'MEARA

J. A. TERRIS,

    Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION
TO ALTER OR AMEND JUDGMENT UNDER RULE 59(e)**

    This matter is before the Court on Petitioner's "Motion to Alter or Amend a Judgment" brought pursuant to Federal Rule of Civil Procedure 59(e) concerning the Court's dismissal of his habeas petition brought pursuant to 28 U.S.C. § 2241. Petitioner contends that he should be allowed to proceed under the savings clause of § 2241. Petitioner's motion must be denied. A motion for new trial or reconsideration which presents issues already ruled upon by the Court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). The Court properly dismissed the petition, which challenged the validity of Petitioner's federal sentence, because it was improperly brought under 28 U.S.C. § 2241 and should have been filed with the trial court as a motion to vacate sentence under 28 U.S.C. § 2255.

    Petitioner cites *Gibbs v. United States*, 655 F.3d 473 (6th Cir. 2011), in support of his assertion that he should be allowed to proceed under the savings clause of § 2241. In that case, however, the Sixth Circuit confirmed that a habeas petitioner's challenge to his federal sentence (guidelines calculation) cannot serve as the basis for an actual innocence claim under § 2241. *Id*.

at 478-79; *see also Foreman v. Terris*, No. 13-12154, 2013 WL 3582916 (E.D. Mich. July 12, 2013) (citing *Gibbs* and rejecting Petitioner's argument that his career offender enhancement challenge should be allowed to proceed under § 2241). *Gibbs* does not dictate a different result in this case.

Petitioner also claims that the Solicitor General's argument and the Supreme Court's remand in *Persaud v. United States*, _, U.S. _, 134 S. Ct. 1023 (2014), undermine Sixth Circuit precedent and allow him to proceed under § 2241. This argument lacks merit because this Court is bound by Sixth Circuit law, not government arguments, and the Supreme Court's grant of certiorari and remand order do not constitute final decisions or binding precedent. *See King v. Terris*, No. 14-CV-14627, 2015 WL 3888163, *5-7 (E.D. Mich. June 24, 2015) (discussing *Persaud* in detail and rejecting same argument in dismissing § 2241 petition which challenged federal sentence).

Petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(h)(3). Accordingly, the Court **DENIES** Petitioner's motion. This case is closed. No further pleadings should be filed in this matter.

**IT IS SO ORDERED**.

s/John Corbett O'Meara
United States District Judge

Date: November 19, 2015

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, November 19, 2015, using the ECF system and/or ordinary mail.

s/William Barkholz
Case Manager