UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN P. FOREMAN,

        Petitioner,

v.                                CASE NO. 5:15-CV-13764
                                     HONORABLE JOHN CORBETT O'MEARA

J. A. TERRIS,

        Respondent.

_____/

## ORDER DENYING PETITIONER'S MOTIONS [Dkt. #9 & #10]

This matter is before the Court on Petitioner's application to proceed in forma pauperis on appeal and his motion for release on bail pending appeal arising from the Court's dismissal of his habeas petition.  The Court dismissed the petition, which challenged the validity of Petitioner's federal sentence, because it was improperly brought under 28 U.S.C. § 2241 and should have been filed with the trial court as a motion to vacate sentence under 28 U.S.C. § 2255.

### I. Application to Proceed In Forma Pauperis

The standard for granting an application to proceed in forma pauperis on appeal is whether the appeal is being taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 764-65 (E.D. Mich. 2002).  "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster*, 208 F. Supp. 2d at 765.  Having considered the matter, the Court concludes that an appeal of the Court's dismissal decision would be frivolous and cannot be taken in good faith.  The Court properly dismissed the habeas petition as improperly brought under 28 U.S.C. § 2241.  Accordingly, the Court **DENIES** Petitioner's application to proceed in forma pauperis on appeal [Dkt. #9].

### II. Motion for Release Pending Appeal

The United States Court of Appeals for the Sixth Circuit has explained that to receive bond pending a decision in a federal habeas case,

> [P]risoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.' *Aronson v. May*, 85 S. Ct. 3, 5; 13 L. Ed. 2d 6, 9 (1964) [additional citations omitted].   There will be few occasions where a prisoner will meet this standard.

*Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)).   Federal district courts may grant bail when granting the writ.   *Sizemore v. District Ct.*, 735 F.2d 204, 208 (6th Cir. 1984).   When a decision ordering the release of a prisoner is on appeal, "the prisoner must-unless the court or judge ordering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise-be released on personal recognizance, with or without surety."   Fed. R. App. P. 23(c).   This rule "undoubtedly creates a presumption of release from custody" in cases involving a successful habeas petitioner.   *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987).   This case, however, does not involve a successful habeas petitioner. Consequently, there is no presumption of release from custody.   Petitioner fails to show that he is likely to succeed on the merits or that his case presents exceptional circumstances deserving of special treatment.   Accordingly, the Court **DENIES** Petitioner's motion for release on bail pending appeal [Dkt. #10].   This case is closed.   No further pleadings should be filed in this matter.

**IT IS SO ORDERED**.

s/John Corbett O'Meara
United States District Judge

Date:  January 6, 2016


I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 6, 2016, using the ECF system and/or ordinary mail.


s/William Barkholz
Case Manager