UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN P. FOREMAN,

    Petitioner,

v.                                       CASE NO. 5:15-CV-13764
                                          HONORABLE JOHN CORBETT O'MEARA

J. A. TERRIS,

    Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION
FOR RELIEF THAT IS BARRED BY A PENDING APPEAL**

      This matter is before the Court on Petitioner's "Motion For Relief That is Barred by a Pending Appeal" brought pursuant to Federal Rule of Civil Procedure 61.1(a)(3) concerning the Court's dismissal of his habeas petition brought pursuant to 28 U.S.C. § 2241. The Court dismissed the habeas petition, which challenged the validity of Petitioner's federal sentence, because it was improperly brought under 28 U.S.C. § 2241 and should have been filed with the trial court as a motion to vacate sentence under 28 U.S.C. § 2255. Petitioner has filed a notice of appeal and his case is currently pending before the United States Court of Appeals for the Sixth Circuit.

      Petitioner's motion must be denied. Rule 62.1 provides in pertinent part:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P.  62.1(a).  The advisory committee notes elaborate:

> This new rule adopts for any motion that the district court cannot grant because of a pending appeal[,] the practice that most courts follow when a party makes a Rule 60(b) motion to vacate a judgment that is pending on appeal. After an appeal has been docketed and while it remains pending, the district court cannot grant a Rule 60(b) motion without a remand. But it can entertain the motion and deny it, defer consideration, or state that it would grant the motion if the court of appeals remands for that purpose.

Fed. R. Civ. P. 62.1 advisory committee's note; *see generally* 11 Charles Wright & Arthur Miller, Federal Practice & Procedure § 2911 (Supp. 2011) (discussing Rule 62.1).

In this case, however, there is no Rule 60(b) or similar motion pending before this Court. Rather, Petitioner has simply filed a motion under Rule 62.1(a)(1).  The Court cannot defer, deny, or provide an indicative ruling on a non-existent motion.  Rule 62.1 discusses a district court's authority with respect to motions filed while a case is pending on appeal – it does not provide an independent basis for relief from a district court's ruling.  Consequently, Petitioner's motion must be denied.  *See, e.g., United States v. Ocampo*, No. 06–20172–01, 2013 WL 686922 (E.D. Mich. Feb. 26, 2013) (denying similar motion).

Moreover, the Court notes that it has already denied Petitioner's "Motion to Alter or Amend a Judgment" brought pursuant to Federal Rule of Civil Procedure 59(e).  The Court finds no reason to reconsider that decision.  A motion for reconsideration which presents issues already ruled upon by the Court, either expressly or by reasonable implication, will not be granted.  *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).  The Court properly dismissed the habeas petition because Petitioner's proper remedy is to file a motion to vacate sentence under 28 U.S.C. § 2255 with the trial court. Petitioner has not met his burden of showing a palpable defect by which the Court has been misled

or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(h)(3). Accordingly, the Court **DENIES** Petitioner's motion. This case is closed. No further pleadings should be filed in this matter.

    **IT IS SO ORDERED**.

                                        s/John Corbett O'Meara
                                        United States District Judge

Date: May 19, 2016

    I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 19, 2016, using the ECF system and/or ordinary mail.

                                        s/William Barkholz
                                        Case Manager