UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN P. FOREMAN,

      Petitioner,

v.                                        CASE NO. 5:15-CV-13764
                                        HON. JOHN CORBETT O'MEARA

J. A. TERRIS,

      Respondent.
_____/

## ORDER TRANSFERRING MOTION FOR RELIEF FROM JUDGMENT TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

This matter is before the Court on Petitioner's motion for relief from judgment brought pursuant to Federal Rules of Civil Procedure 60(b)(6) and 60(d)(1) concerning the Court's October 29, 2015 dismissal of his habeas petition brought pursuant to 28 U.S.C. § 2241. The Court dismissed the habeas petition, which challenged the validity of Petitioner's federal sentence, because it was improperly brought under 28 U.S.C. § 2241 and should have been filed with the trial court as a motion to vacate sentence under 28 U.S.C. § 2255. Petitioner has filed a notice of appeal and his case is currently pending before the United States Court of Appeals for the Sixth Circuit.

In his motion, Petitioner contends that the Court should set aside its prior judgment and allow him to proceed under 28 U.S.C. § 2241 based upon the Sixth

Circuit's recent decision in *Hill v. Masters*, _ F.3d _, 2016 WL 4655739 (6th Cir. Sept. 7, 2016) (ruling that federal prisoner could utilize savings clause of § 2255 to challenge misapplication of sentencing guidelines in a § 2241 habeas petition).

A Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of 28 U.S.C. § 2244(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); *see also Brooks v. Bobby*, 660 F.3d 959, 962 (6th Cir. 2011).

In this case, it is clear that the Rule 60(b) motion is an attempt by Petitioner to advance substantive claims following the denial of his habeas petition and to obtain relief from judgment based upon a change in the substantive law which he believes affects his case. His motion thus constitutes a second or successive habeas petition. Petitioner, however, has not obtained appellate authorization to file a second or successive habeas petition as required by 28 U.S.C. §2244(b)(3)(A). Consequently, his Rule 60 motion must be transferred to the Sixth Circuit for such a determination.

Accordingly;

The Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").  This case is closed.  No further pleadings should be filed.

                                                          s/John Corbett O'Meara
                                                          United States District Judge

Date:  October 19, 2016

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 19, 2016, using the ECF system and/or ordinary mail.

                                                          s/William Barkholz
                                                          Case Manager